

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00386-CV

## IN THE INTEREST OF J.E.P., A CHILD

### From the County Court at Law
### Hill County, Texas
### Trial Court No. CV597-22CCL

## MEMORANDUM OPINION

Following a jury trial in this parental-rights termination case, Father raises issues concerning the trial court's jurisdiction, jury charge error, and ineffective assistance of counsel. We affirm.

## Background

At trial, the jury heard evidence that the Department of Family and Protective Services ("the Department") first became involved in J.E.P.'s life in 2014 when J.E.P.'s meconium tested positive for a controlled substance at birth. J.E.P.'s mother's rights were terminated and Father was given custody of J.E.P. In 2019, the Department initiated another case with Father and J.E.P. because Father was arrested for possession of

marijuana and had made calls to law enforcement reporting that he was seeing people in his attic. After Father completed services, the case was dismissed. In 2021, Father was detained under an emergency detention order, and he continued to report seeing people in his attic. The Department initiated another case and petitioned for J.E.P.'s removal due to Father testing positive for methamphetamine, cocaine, and marijuana upon arrival at the hospital. Father eventually completed services and was appointed joint managing conservator with J.E.P.'s aunt, B.W.

The instant case was initiated when the Department received a report that J.E.P. was seen at a football game with dried blood around her nose and mouth and told someone that Father hit her with a belt whenever he was mad. J.E.P. did not make any allegations of abuse when the Department interviewed her. However, J.E.P. reported sometimes being scared in her home because Father was seeing people that no one else could see. She reported to the Department that because Father was seeing people in the house, he would walk around with a crossbow, a bat, and a slingshot. The Department also had concerns with J.E.P.'s hygiene. When Father drug tested for the Department as part of its investigation, he was positive on his hair test for cocaine and marijuana. J.E.P. was subsequently removed.

While this case was pending, Father was arrested for disorderly conduct when a neighbor reported that he was driving around in his vehicle while pointing his crossbow out the window. Upon contact with one of the responding law enforcement officers,

Father requested assistance with the people in his attic. When Father testified at trial, he admitted that he had discharged his crossbow in his attic at "[w]hat looked like people," and that he had shot someone in the attic with a black-powder pistol. Father also stated that he had done everything required for J.E.P. to be returned to his care, except that he did not complete psychological treatment.

The jury found that Father committed acts in violation of Sections 161.001(b)(1)(D), 161.001(b)(1)(E), 161.001(b)(1)(O), and 161.003, and that termination of the parent-child relationship was in J.E.P.'s best interest. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), 161.001(b)(1)(E), 161.001(b)(1)(O), 161.001(b)(2), 161.003. The trial court's judgment included each termination ground found by the jury and found that termination was in J.E.P.'s best interest. *See id.* at §§ 161.001(b)(1), 161.001(b)(2), 161.003.

## Jurisdiction

In his first issue, Father asserts that the trial court did not have jurisdiction to render the final order in this suit because the 74th District Court of McLennan County had continuing, exclusive jurisdiction over J.E.P. that was never transferred to the County Court at Law of Hill County. We disagree.

Texas Family Code Chapter 155 addresses how a court acquires continuing, exclusive jurisdiction over a child in suits affecting the parent-child relationship and how jurisdiction may be properly acquired by another court. *See* TEX. FAM. CODE ANN. §§ 155.001–.301. Section 155.103(a) specifically provides that a court shall acquire

jurisdiction over a suit affecting the parent-child relationship if it has been, correctly or incorrectly, informed by the vital statistics unit that the child has not been the subject of a suit and the petition states that no other court has continuing, exclusive jurisdiction over the child. *Id*. at § 155.103(a).

In its original petition in this case, filed on December 16, 2022, the Department alleged that the County Court at Law of Hill County had jurisdiction of the suit, and that it believed no other court had continuing, exclusive jurisdiction over the child. Furthermore, the clerk's record contains a letter from the Texas Vital Statistics Section of the Department of State Health Services, dated December 20, 2022, certifying that J.E.P. "has not been the subject of a suit affecting the parent-child relationship in which a judgment was entered on or after January 1, 1974." Accordingly, the Family Code expressly permitted the County Court at Law of Hill County to rely on the vital statistics information and assume jurisdiction over this suit. *Id*. If another court previously had continuing, exclusive jurisdiction over J.E.P., it lost jurisdiction when the County Court at Law of Hill County rendered a final order, even if it was based on incorrect information received from the vital statistics unit that there was no court of continuing, exclusive jurisdiction. *Id*. at § 155.004(a)(3). We overrule Father's first issue.

## Jury Charge Error

In Father's second issue, he claims that the trial court erred by failing to instruct the jury on Texas Family Code Section 161.004. *See id.* at § 161.004. We disagree.

RELEVANT LAW

A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. *See* TEX. R. CIV. P. 274. Any complaint as to an instruction, on account of any defect, omission, or fault in pleading is waived unless specifically included in the objections. *Id.* All objections to the jury charge that are not presented to the court in writing or dictated to the court reporter in the presence of the court and opposing counsel before the charge is read to the jury are waived. *See id.* at R. 272; *see also* TEX. R. APP. P. 33.1.

In civil appeals, the fundamental-error doctrine is a narrow and limited exception to the procedural rules requiring parties to preserve error regarding their appellate complaints. *See In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). We recently noted that in civil cases, the fundamental-error doctrine has been found to apply in the following situations:

(1) when the record shows on its face that the court rendering the judgment lacked jurisdiction of the subject matter;

(2) when the alleged error occurs in a juvenile delinquency case and falls within a category of error as to which preservation of error is not required; or,

(3) when the error directly and adversely affects the interest of the public generally, as that interest is declared by a Texas statute or the Texas Constitution.

*In re T.B.*, 641 S.W.3d 535, 537 (Tex. App.—Waco 2022, pet. denied).

Father admits, and the record demonstrates, that this issue was not preserved for appellate review. Father voiced no objections to the jury charge and did not offer any requested instructions at trial. However, he argues that he overcomes the bar to appellate review of unpreserved jury charge error because the omission of the Section 161.004 instruction should fall into the third category of recognized fundamental-error review in civil cases. Father argues that when evidence relevant to termination under Section 161.004 is admitted at trial, it is error for the trial court not to instruct the jury on Section 161.004, even if that ground is not pled by the Department and the instruction is not requested by any party.

Courts have consistently enforced procedural preservation rules regarding alleged jury charge error in termination cases. *See, e.g., In re J.F.C.*, 96 S.W.3d 256, 274-75 (Tex. 2002) (refusing to use fundamental-error review to circumvent Texas Rule of Civil Procedure 279 when a party failed to object to the omission of an element of a claim); *In re J.M.H.*, No. 05-22-00167-CV, 2022 Tex. App. LEXIS 5482, 2022 WL 3040670, at *12-14 (Tex. App.—Dallas Aug. 2, 2022, pet. denied) (mem. op.) (explaining that failure to submit a requested instruction according to the procedures outlined in Texas Rule of Civil Procedure 278 precluded reversal). In addressing unpreserved jury charge error in a termination case, the Supreme Court of Texas stated:

In sum, we have not previously extended the fundamental-error doctrine to this area of the law, and we are not persuaded to do so here. We are aware of no precedent in either our criminal or civil jurisprudence that informs the court of appeals' conclusion that "core" jury charge issues in termination cases should be reviewed even when not preserved. Further, we cannot see any reasonable, practical, and consistent way of reviewing unpreserved complaints of charge error in termination cases that satisfies our narrow fundamental-error doctrine.

*B.L.D.*, 113 S.W.3d at 351. Father failed to preserve his complaint for our review, and the error alleged by Father does not fall within the narrow scope of the fundamental-error doctrine.

Accordingly, we overrule Father's second issue.

**Ineffective Assistance of Counsel**

In his third issue, Father asserts that his trial attorney was ineffective for three reasons: (1) failing to raise the jurisdictional issue asserted in his first issue on appeal; (2) failing to object to the omission of an instruction on Section 161.004 in the jury charge, and (3) failing to object to evidence that Father committed an act under Section 161.001 before a prior order denying termination of his rights. We disagree.

RELEVANT LAW

To prevail on an ineffective assistance of counsel claim in a termination case, the appellant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*. *In re D.T.*, 625 S.W.3d 62, 73 (Tex. 2021). It requires:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Our analysis under the first prong must "take into account all of the circumstances surrounding the case" and "indulge 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' including the possibility that counsel's actions are strategic."  *Id.* at 73-74.  It is only when "the conduct was so outrageous that no competent attorney would have engaged in it," that the challenged conduct will constitute ineffective assistance.  *Id.* at 74-75.  Under the second prong, an appellant must show a reasonable probability that the proceeding would have turned out differently without the deficient performance.  *Strickland*, 466 U.S. at 694.

DISCUSSION

Jurisdiction

As previously addressed in our analysis of Father's first issue, the trial court acquired jurisdiction over this suit pursuant to Texas Family Code Section 155.103(a).  *See* TEX. FAM. CODE ANN. § 155.103(a).  Counsel's performance was not deficient for failing to question the trial court's jurisdiction.

Failure to Object to Evidence Pre-Dating Prior Final Order

Father argues that, because the Department did not plead Texas Family Code Section 161.004 as a ground for termination, trial counsel was ineffective for failing to object to evidence of Father's acts and omissions preceding May 11, 2022, when he states that a prior final order denying termination of his relationship to J.E.P. was rendered. See

TEX. FAM. CODE ANN. § 161.004.  Though details of prior termination cases involving Father's parental rights to J.E.P. were discussed throughout the trial, a prior final order denying termination of Father's rights to J.E.P. is not in the record.[1]

Regardless, in an ineffective-assistance analysis, an appellant bears the burden to overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy.  *Strickland*, 466 U.S. at 689.  Father has failed to overcome this presumption.  The record supports that trial counsel used evidence of Father's history to make the point that "it's not like the issues that [Father] struggled with in this case, struggling with now, are things that weren't there prior to that […] there's a history here, and despite that, everybody was on board with [J.E.P.] going back home to [Father]."  Father's history – and the Department's history of allowing J.E.P. to maintain her relationship with Father – appeared to be central to trial counsel's strategy at trial. That Father's appellate counsel might have chosen a different strategy had he served as trial counsel does not render trial counsel's strategy unreasonable.  We do not find that trial counsel's performance was deficient for failing to object to evidence of Father's acts and omissions prior to May 11, 2022.

### Failure to Object to Omission of Section 161.004 Instruction in Jury Charge

Father argues that trial counsel was ineffective for failing to object to the omission of a Section 161.004 instruction in the jury charge because "[i]t resulted in the jury being

---

[1] Father's appellate counsel filed a motion requesting to supplement the appellate record with documents purportedly filed in the prior termination cases to support his claims, which this Court denied.  In his brief and through a separate motion, appellate counsel re-urges his motion to supplement the record.  We deny Father's motion to reconsider his motion to supplement the record with these documents.  *See* TEX. R. APP. P. 34.1.

able to consider all of [Father's] prior acts or omissions." *See* TEX. FAM. CODE. ANN. § 161.004. As discussed above, Father has not overcome the presumption that the challenged conduct might be considered sound trial strategy. Further, the Department did not plead Section 161.004 as a ground for termination. *See id.* We cannot say it was necessarily unreasonable for trial counsel to fail to request inclusion of an additional statutory ground for termination against his client.

Even assuming that trial counsel's performance was deficient, Father has failed to demonstrate a reasonable probability that the proceeding would have turned out differently had the jury instruction been included. Section 161.004 is not the exclusive means to terminate a parent's rights to a child after rendition of a final order denying termination of those rights. *In re H.L.H.*, No. 10-16-00254-CV, 2018 Tex. App. LEXIS 1887, 2018 WL 1321750, at *45 (Tex. App.—Waco Mar. 14, 2018, no pet.) (mem. op.). Here, the jury found that Father's rights to J.E.P. should be terminated under Section 161.003 and under multiple grounds in Section 161.001(b)(1). *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1), 161.003. On appeal, Father does not challenge the sufficiency of evidence of his acts and omissions after May 11, 2022 to support those grounds. Further, at least one of those grounds is based on evidence of Father's acts or omissions after May 11, 2022 – Father's failure to comply with the Family Service Plan under Section 161.001(b)(1)(O) in the instant case by not completing psychological treatment. *see In re J.S.S.*, 594 S.W.3d 493, 503 (Tex. App.—Waco 2019, pet. denied) (noting that only one predicate violation finding is necessary for termination of parental rights when there is also a finding that termination is in the child's best interest).

Accordingly, we overrule Father's third issue on appeal.

## Conclusion

Having overruled all of Father's issues on appeal, we affirm the trial court's judgment.[2]

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed May 23, 2024
[CV06]



---

[2] All pending motions are dismissed as moot.